IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

**STATE OF TENNESSEE v. JOHN TALLEY**

**Appeal from the Criminal Court for Hamilton County**
**No. 159257, 159258, 164952, 164953, 164955     Barry A. Steelman, Judge**

_____

**No. E2016-00213-CCA-R3-CD – Filed April 7, 2017**

_____

Defendant, John Talley, appeals as of right from the Hamilton County Criminal Court's denial of his motion under Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence. Defendant contends that the trial court erred by concluding that relief was not available because his illegal sentence had expired. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Lorrie Miller, Chattanooga, Tennessee, for the appellant, John Talley.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

This is the second appeal to this court in this case.

Defendant, who is currently incarcerated at the Federal Correctional Institution in Memphis, filed a "MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT TO TENNESSEE RULES OF CRIMINAL PROCEDURE, RULE 36.1" which was summarily dismissed by the trial court. In the first appeal, this court set forth the following history of Defendant's cases:

In December of 1984, Appellant was indicted by a Hamilton County grand jury in case numbers 159257 and 159258 for two counts of felony selling and/or delivering cocaine. On January 29, 1985, Appellant pled guilty to two counts of the sale of cocaine. He was sentenced to a four-year term of imprisonment for each conviction. Appellant was paroled on April 30, 1985.

In June of 1986, Appellant was indicted by the Hamilton County grand jury in case numbers 164952, 164593, and 164595 to three counts of the sale or delivery of cocaine. On October 13, 1986, Appellant pled guilty to three counts of feloniously selling cocaine in exchange for a six-year sentence on each count, to be served concurrently with each other and with prior sentences in case numbers 159257 and 159258.

On April 14, 2014, Appellant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 (the Rule) to correct the illegal sentences in cases 159257, 159258, 164952, 164953, and 164595. Appellant alleged that because the offenses in case numbers 164952, 164953, and 164955 occurred while he was on parole for the offenses in case numbers 159257 and 159258, the trial court did not have the authority to order the sentences to run concurrently. Appellant alleged that the sentences were in direct contravention of Tennessee Code Annotated section 40-28-123 and Tennessee Rule of Criminal Procedure 32(c)(3)(A). Appellant also alleged that the illegality of the sentences was a material component of the plea agreement, thereby rendering the guilty pleas involuntary or unintelligently entered. Appellant asked the trial court to appoint counsel, hold a hearing, and give him the opportunity to withdraw the guilty pleas. He attached no documentation to support his claims, which notably is not required by the Rule.

The trial court summarily dismissed the motion without a hearing and without appointment of counsel. Specifically, the trial court determined that Appellant did not allege any illegality in the sentences in case numbers 159257 and 159258. Therefore, the trial court determined that Appellant did not state a colorable claim for relief pursuant to the Rule in cases 159257 and 159258 and, consequently, Appellant is not entitled to relief from those sentences.

Additionally, the trial court acknowledged the alleged illegality in case numbers 164952, 164953, and 164955—that concurrent sentences were agreed to and imposed when consecutive sentences were mandatory. However, the trial court noted that the record did not corroborate

Appellant's claims because there was no proof in the record that the sentences were to be served concurrently rather than consecutively and that, in any event, the sentences in cases 164952, 164953, and 164955 have expired. The trial court found:

> [W]hile the [c]ourt could find that, without a provision for consecutive sentences, the sentences *were* illegal under Tenn. R. Crim. P. 32(c)(3)(A), it could not find that the sentence[s] *are* illegal, as Rule 36.1 requires.

(Emphasis in original).

Appellant filed a timely notice of appeal, challenging the summary dismissal of the petition.

*State v. John Talley*, No. E2014-01313-CCA-R3CD, 2014 WL 7366257, at \*1-2 (Tenn. Crim. App. Dec. 26, 2014). We will refer to this opinion as *Talley I*.

This court held:

> In the case herein, taking all of Appellant's assertions as true and viewing them in the light most favorable to him, we have determined that Appellant has presented a colorable claim for relief from an illegal sentence because he asserts that his sentences were contrary to statute in that he was sentenced to concurrent rather than consecutive sentences as statutorily required. *See* T.C.A. § 40-28-123; Tenn. R. Crim. P. 32(c)(3)(A). Even though almost thirty years have passed since Appellant was sentenced, there is no proof in the record that his sentences have expired and Appellant is not required to provide such proof in his filing. *See Donald Terrell*, 2014 WL 6883706, at \*4. Appellant was merely required to present a colorable claim. We believe he has done so in this case. Accordingly, the plain language of the Rule only requires the trial court to determine indigency and, *if necessary* (emphasis added), appoint counsel for the Appellant. Tenn. R. Crim. P. 36.1(b). Further, the trial court must conduct a hearing on the motion unless all parties waive the hearing. *Id.* On remand, if the trial court conducts a hearing on the motion and the proof establishes that Appellant's allegedly illegal sentences have been fully served, whether it be a six-year or ten-year term, the controversy is moot. *See, e.g., State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at \*6 (Tenn. Crim. App. Oct. 29, 2014) ("Because the appellant's allegedly illegally lengthy sentences have been fully served, we conclude

- 3 -

that there is no longer any remedy he can seek from the court to correct any illegality in his sentences, and his controversy is moot.").

*Id*. at *3.

On remand to the trial court, the State filed a response to Defendant's Rule 36.1 motion requesting that the trial court "deny Defendant's Motion to Correct Illegal Sentence without [a] hearing because Defendant has failed to state a colorable claim for relief." The State addressed this Court's observation that "there is no proof in the record that [Defendant's] sentences have expired." The State referenced documents attached to Defendant's motion. The State's response sets forth the following:

> The judgments in docket numbers 164952, 164953, and 164955 are silent as to whether the sentences were to be served concurrent with or consecutive to docket numbers 159257 and 159258. (See Exhibits 6-8). Tenn. R. Crim. P. 32(c)(3)(A) requires that a sentence committed while on parole for another offense run consecutively. Tenn. R. Crim. P. 32(c)(3) states that "the sentences shall be consecutive whether the judgment explicitly so orders or not." Therefore, by Rule, the sentences in docket numbers 164952, 164953, and 164955 ran consecutive to the sentences in docket numbers 159257 and 159258. Thus, defendant has not presented a colorable claim for relief. The Court of Criminal Appeals has reached similar conclusions in several recent cases. *See* [*State v.* [*Elashanti*] *Dean*, [No. E2014-02169-CCA-R3-CD,] 2015 WL 5031775, at *5-6 [(Tenn. Crim. App. Aug. 6, 2015)] (holding defendant failed to state a colorable claim where judgments for offenses committed while on bond were silent)[, *perm. app. denied* (Tenn. Dec. 10, 2015)]; [*State v. James E.*] *Kenner*, [No. M2014-00613-CCA-R3-CD,] 2015 WL 3533265, at *4 [(Tenn. Crim. App. June 5, 2015)](stating that a sentence is not illegal or in need of corrections where judgments for offenses committed while on parole were silent)[, *perm. app. denied* (Tenn. Oct. 15, 2015)]; [*Kevin*] *Daws* v. *State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *3-4 (Tenn. Crim. App. Jan. 8, 2015)(holding that defendant's Motion failed to state a colorable claim where judgments for offenses committed while released on bond were silent)[, *no perm. app. filed*].

Thereafter, the trial court entered an order summarily denying Defendant's motion. The trial court relied in part on *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015)("a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired"); and *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015)("when determining whether a Rule 36.1 motion sufficiently states a

colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated.").

*Analysis*

Initially, we must mention, even though apparently not mentioned by Defendant, that "the law of the case" required the trial court to conduct a hearing. "[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd*., 975 S.W.2d 303, 306 (Tenn. 1998). This doctrine "applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication," but the doctrine does not apply to dicta. *Id.* (citation omitted). The doctrine "is not a constitutional mandate nor a limitation on the power of a court" but "is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Id.* (citations omitted). Application of the doctrine promotes finality, efficiency, consistent results, and obedience to appellate decisions. *Id.*

There are three "limited circumstances" that may justify a departure from the law of the case doctrine and subsequent reconsideration of an issue decided in a previous appeal:

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Id.*

Since the trial court in this case declined to follow the "law of the case" to conduct a hearing, we must see if one of the exceptions to the "law of the case" doctrine is applicable. We find that exception number three applies in this case because the prior decision is contrary to a change in the controlling law, which occurred between the first and second appeal. In *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015), filed after Defendant's case was remanded, the Supreme Court explicitly held that an expired sentence does not state a colorable claim. We have also re-examined the assertion in *Talley I* that a Defendant need not show proof that his or her sentence is not expired. However, the Supreme Court in *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015) held:

Considering the text of Rule 47, along with that of Rule 36.1, we conclude that, at a minimum, any motion filed under Rule 36.1 must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based. Additionally, the moving party may support the motion with affidavits. Finally, when determining whether a Rule 36.1 motion sufficiently states a colorable claim, a trial court may consult the record of the proceeding from which the allegedly illegal sentence emanated. Indeed, by requiring Rule 36.1 motions to be filed "in the trial court in which the judgment of conviction was entered," Rule 36.1 ensured that a trial court considering a Rule 36.1 motion would have ready access to the record of the proceedings from which the allegedly illegal sentence(s) arose.

*Id*. at 594. Finally, *Elashanti Dean, James E. Kenner*, and *Kevin Daws* were all filed after *Talley I* and made a change in the law since Defendant's case was remanded. Therefore, under these circumstances, dismissal of Defendant's Rule 36.1 motion by the trial court was appropriate.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478

S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has also analyzed Rule 36.1 and concluded that Rule 36.1 "does not authorize the correction of expired illegal sentences," and a motion may be dismissed "for failure to state a colorable claim if the alleged illegal sentence has expired." *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015).

It appears that Defendant's sentences of four years for each of his two counts of feloniously selling cocaine imposed in 1985 and his effective six-year sentence for three counts of feloniously selling cocaine that was imposed in 1986 have expired. Accordingly, under *Brown*, Defendant has not made a colorable claim. Even if Defendant's sentences have not expired, we agree with the State and the trial court that Defendant has still failed to state a colorable claim for relief. The judgment forms in cases 164952, 164953, and 164955 each state that Defendant would be confined for a period of six years, with no order that the sentences be served concurrently or consecutively to any other sentence. Both Tenn. Code Ann. 40-20-111(b) and Tenn. R. Crim. R. Crim. P. 32(c)(3)(C) require that a sentence for an offense committed while on bond run consecutively to the sentence for the offense on which Defendant was on bond. However, when the judgments of conviction are silent as to whether the sentences are to be served consecutively to each other, they do not violate the mandate of Rule 32(c)(3)(c) which expressly provides that "the sentences shall be consecutive whether the judgment explicitly so orders or not." Therefore, by rule of law, the sentences in cases 164952, 164953, and 164955 would run consecutively to the sentences in cases 159257 and 159258. On their faces, the judgments in Defendant's case are not contrary to law or illegal. *See State v. Elashanti Dean*, No. E2014-02169-CCA-R3-CD, 2015 WL 5031775, at *5-6 (Tenn. Crim. App. Aug. 6, 2015) (holding defendant failed to state a colorable claim where judgments for offenses committed while on bond were silent)(Tenn. Dec. 10, 2015)]; *State v. James E. Kenner*, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265, at *4 (Tenn. Crim. App. June 5, 2015)(a sentence is not illegal or in need of corrections where judgments for offenses committed while on parole were silent)(Tenn. Oct. 15, 2015)]; *Kevin Daws v. State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *3-4 (Tenn. Crim. App. Jan. 8, 2015)(defendant's Motion failed to state a colorable claim where judgments for offenses committed while released on bond were silent).

Defendant also argues that since the sentence is void *ab initio* that it has not expired because it never began. This argument is not the law. This court has held:

> Resolution of the Defendant's appeal is controlled by the recent opinion
> of our supreme court in *State v. Brown*, 479 S.W.3d 200, 209-11 (2015).
> The *Brown* court said that Rule 36.1 did not extend to the correction of
> illegal sentences which have expired. *Id.* The record reflects that the
> Defendant conceded at the evidentiary hearing that his sentences had

long since expired and that he had completed the service of his sentences in 2000, approximately fifteen years before he filed his motion for the correction of an illegal sentence. Although the Defendant relies upon the principle that a sentence that is *void ab initio* cannot expire because it never existed, our supreme court's treatment of expired sentences in *Brown* forecloses the Defendant's reasoning. *See Brown*, 479 S.W.3d at 210-11. *Brown* overruled all previous opinions extending Rule 36.1 to expired sentences. Therefore, the trial court properly denied relief on the basis that the Defendant failed to state a colorable claim for relief.

*State v. Byron J. Walker*, No. W2016-00076-CCA-R3-CD, 2017 WL 192742, at *2 (Tenn. Crim. App. Jan. 17, 2017).

As discussed above, there is authority that by being silent as to whether prior imposed sentences would be served consecutively or concurrently, the challenged sentences would, by operation of law, have to be served consecutively. Thus, if we accepted Defendant's assertion that he has never served the challenged sentences, we would likely be required to remand for Defendant to be ordered to serve the unexpired sentences. We decline to agree with Defendant's argument. Defendant is not entitled to relief on this issue.

Accordingly, we conclude that the trial court did not err by denying Petitioner's Tenn. R. Crim. P. 36.1 motion to correct an illegal sentence.

_____
THOMAS T. WOODALL, PRESIDING JUDGE